NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1371

STATE OF LOUISIANA

VERSUS

JEREMY SMITH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 65,845
HONORABLE KRISTIAN EARLES

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Hon. Michael Harson
District Attorney
P. O. Box 288
Crowley, LA 70527-0288
(337) 788-8831
COUNSEL FOR APPELLEE:
    State of Louisiana

Michael Anthony Thomas
Thomas & Thomas
16630 Imperial Valley Dr., Ste. 137
Houston, Texas 77060
(281) 591-0017
COUNSEL FOR APPELLANT:
    Jeremy Smith

Pickett, Judge.

On July 23, 2004, the Defendant, Jeremy Smith, was indicated for attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1, and armed robbery, a violation of La.R.S. 14:64. On January 26, 2007, the jury returned a guilty verdict on both counts.

On August 8, 2007, the trial court sentenced the Defendant to forty years at hard labor on the first count and fifty years at hard labor on the second count. The Defendant made an oral motion to reconsider sentence, which the trial court denied. On August 9, 2007, the Defendant filed a written motion to reconsider sentence, which the trial court denied on August 13, 2007.

The Defendant appealed and this court affirmed his convictions. *State v. Smith*, 07-1384 (La.App. 3 Cir. 5/28/08), 984 So.2d 238.

In April 2010, the Defendant filed in the trial court an application for post-conviction relief. A hearing on the application was held on January 26, 2011. The trial court adjourned and continued the hearing. On May 4, 2011, the hearing proceeded. The trial court denied the application, holding in pertinent part:

BY THE COURT:

Okay. Well, I am going to deny the Post-conviction relief. I'm finding that Mr. LeJeune's defense was effective and competent. And a lot of the issues brought up by the defense in this case are what I would consider to be issues that were already taken up on appeal. This case was taken up on appeal and the trial was actually affirmed on appeal on all the issues involved in the actual trial itself. So in this case I'm looking to what Mr. LeJeune did and whether his defense, that he prepared properly and whether he did what he needed to do to defend Mr. Smith. And I think he did. And I think the outcome is what the outcome should have been.

Following the denial, the Defendant's attorney moved for an appeal. The trial court advised him to file a written motion.

**1**

On May 19, 2011, the Defendant filed in the trial court a "Petitioner's Notice of Appeal/Writ From Denial of Post-Conviction Relief Application." The trial court granted the appeal on March 26, 2011.

On November 7, 2011, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. The Defendant filed a brief with this court in response to the rule in which he acknowledges that the judgment is not an appealable judgment. The Defendant requested, via attached motion, this court to invoke its supervisory jurisdiction and review the denial of the application for post-conviction relief.

Louisiana Code of Criminal Procedure Article 930.6(A) (emphasis added) provides:

> The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief. **No appeal lies from a judgment dismissing an application or otherwise denying relief.**

Because the judgment is not appealable, the appeal in this case is hereby dismissed. Further, we deny the Defendant's request that we convert the appeal to a supervisory writ application.

The Defendant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**